```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

RAYMOND FLOYD HESS,            *
(ASO681 #K1-125U)              *
                               *
     Petitioner                *
                               *
vs.                            *    CIVIL ACTION NO.12-00664-KD-B
                               *
STATE OF ALABAMA, et al.,      *
                               *
     Respondents.              *
```

Report and Recommendation

Raymond Floyd Hess, an inmate who is currently incarcerated at the Blackwater Correctional facility in Milton, Florida, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docs. 1, 3). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).

Having carefully considered Hess' petition and Respondents' response, the undersigned recommends that Hess' petition be dismissed for lack of jurisdiction, that judgment be entered in favor of Respondents and against Hess, pursuant to 28 U.S.C. §

2244, and that any request by Hess for the issuance of a certificate of appealability, and to appeal *in forma pauperis* be denied.

**I.   Background**

Hess was found guilty of sexual abuse 1st degree in Mobile County Circuit Court on March 17, 1992, and he was sentenced to five (5) years imprisonment. (Docs. 1, 3, 10-1). The sentence was suspended, and Hess was placed on probation for four (4) years. (Docs. 3 at 2-6, 10-1 at 2).  Hess did not appeal his conviction or his sentence. (Id.)

According to Hess, when he was convicted of sexual abuse in Alabama, he was not required to register as a sex offender. (Doc. 3 at 6-7) However, because Alabama has designated him as a sex offender, he is now incarcerated in Florida for failing to register as a sex offender, and the State of Alabama is responsible. (Id.).

Records submitted by Respondents reflect that on December 11, 2006, Hess pleaded guilty to failure to comply with Alabama's Community Notification Act. (Doc. 10-2 at 2).  Hess was sentenced to four years imprisonment.  The prison term was suspended, and Hess was placed on probation for two years. (Id.) Subsequent thereto, Hess' probation was revoked and he was committed to the Alabama Department of Corrections. (Id. at 3). He was released from custody on November 20, 2008. (Doc. 10-3).

On December 30, 2010, Hess was arrested in Mobile County, Alabama for being a fugitive from the State of Florida. (Doc. 10-4). This charge was *nolle prossed* on January 7, 2011. (Id.). Later, on April 25, 2011, Hess was sentenced in Florida for multiple violations of Florida's sexual offender registration laws. (Doc. 10-5). Hess has been incarcerated at the Blackwater River facility in Milton, Florida since May 10, 2011. (Docs. 10-5, 10-6).

## II. Discussion

"The federal statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241 (c)(3); see also 28 U.S.C. §2254(a)". Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). Accordingly, a petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91; See also Young v. Warden, FCC Coleman, 508 Fed. Appx. 918, 2013 U.S. App. LEXIS 2936, 2013 WL 530596, *2 (11th Cir. 2013)("to satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").

A petitioner is not in custody "when the sentence imposed

for that conviction has fully expired at the time his petition is filed." Maleng, 490 U.S. at 491; See also Diaz v. State of Fla. Fourth Judicial Circuit, 683 F.3d 1261, 1264 (11th Cir. 2012)("[petitioner's] state sentence had fully expired at the time he filed his § 2254 petition and therefore deprived the district court of jurisdiction to decide the petition's merits.")

In this case, it is clear that Hess is currently incarcerated in Florida for violation of Florida law, namely failure to register as a sex offender. It is also clear that Hess' sentence for his 1992 conviction for sexual abuse fully expired when he completed probation in 1996. Because Hess is not currently 'in custody' pursuant to his 1992 conviction, he cannot challenge that conviction. Maleng, 490 U.S. at 490-492. Accordingly, Hess' habeas petition is due to be dismissed for lack of subject-matter jurisdiction as Hess is not "in custody" on the 1992 conviction that he seeks to challenge in the instant petition.

While Hess' contends that Alabama's designation of him as a sex offender, due to his 1992 conviction, is the reason that Florida has required him to register in the first instance; the undersigned finds that such a designation does not render him 'in custody' for purposes of habeas relief. Indeed, numerous courts have held that habeas corpus actions are not the

4

appropriate vehicle to challenge registration as a sex offender. See Holloway v. G.C. Giles, 2013 U.S. Dist. LEXIS 69187, 2013 WL 2067471 (M.D. Ala. April 22, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 68232, 2013 WL 2071771 (M.D. Ala. May 14, 2013(collecting cases); Ridley v. Hetzel, 2011 U.S. Dist. LEXIS 88450, 2011 WL 3475292, at *1 (M.D. Ala. July 7, 2011)("[N]umerous courts have found uniformly that sex offender registration requirements do not satisfy the "in custody" requirements for habeas corpus claims and that, therefore, challenges to registration as a sex offender are not cognizable in habeas corpus actions.")(citations omitted.), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 88334, 2011 WL 3474415 (M.D. Ala. August 9, 2011). Accordingly, the undersigned finds that Alabama's designation of Hess as a sex offender does not establish perpetual custody for the purpose of allowing him to attack his fully expired 1992 conviction and sentence. Accordingly, the undersigned recommends that Hess' petition be dismissed for lack of jurisdiction.

### III. **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

5

applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct.

6

3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Hess' petition does not warrant the issuance of a certificate of appealability as this Court is without jurisdiction to entertain his claim. Indeed, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Hess' petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

**IV. Conclusion.**

Based on the foregoing, it is the recommendation of the

undersigned Magistrate Judge that Hess' petition for habeas corpus be dismissed for lack of jurisdiction, and that judgment be entered in favor of the Respondents and against Hess. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that *under Eleventh Circuit Rule 3-1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **20th** day of **January, 2016.**

                                                   **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**